IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICAH DARDEN,<br><br>    Defendant. | <br><br><br><br>CRIMINAL ACTION FILE<br><br>NO. 1:18-CR-202-01-MLB-AJB |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Pending before the Court are several pretrial motions filed by Defendant Micah Darden: a motion to dismiss the second indictment due to speedy trial violations, [Doc. 195], and a motion to exclude evidence and objection to tolling the speedy trial clock. [Doc. 196]. The government responded, [Docs. 200, 206], and Darden filed a reply to the government's response as to the motion to dismiss. [Doc. 201]. Darden also filed a motion for a bill of particulars. [Doc. 133].

**I.   BACKGROUND**

Darden and his codefendant Andre Grier were charged in a second superseding indictment returned on November 23, 2020 with distribution of marijuana (Count One (Darden only)), possession of a firearm affecting commerce following a felony conviction (Count Two (Darden only)), attempted armed

robbery of an individual of property of the United States (Count Three), carrying and using a firearm during commission of the Count Three attempted robbery of federal property (Count Four), forcibly assaulting a federal officer engaging in his official duties (Count Five), and carrying and using a firearm during commission of the Count Five assault of a federal officer (Count Six). [Doc. 146].[1,2]

## II.  MOTION TO DISMISS INDICTMENT, [DOC 195]

### A.  ARGUMENT OF THE PARTIES

Darden sets out the following facts underlying his motion to dismiss: His current counsel filed pretrial motions on March 12, 2021, including a motion to suppress statements, to the extent that the government intended to use such statements at trial. [Doc. 195 at 2 (citing [Doc. 170])]. He also filed a preliminary motion to suppress evidence from the search of his residence, noting that he had not received a copy of the search warrant in discovery. [*Id.* (citing [Doc. 169])]. He also states that on March 15, 2021, his counsel sent a letter to government counsel seeking disclosure of a list of items seized during any search as to which he had

---

[1]   There also is a forfeiture provision. [Doc. 146 at 3-5].

[2]   Grier announced his intention to enter a guilty plea and his case was certified ready for trial on January 11, 2022. [*See* Docket entry date 01/07/2022 and Doc. 210]. His pending motions were deemed withdrawn.

standing to challenge, an inventory of all items seized from him that the government expected to introduce at trial, and the search warrant applications and warrants for searches conducted at his and Grier's residences. [*Id.* at 2-3 (citing [Doc. 195-1])]. He relates that at the March 16, 2021 pretrial conference, the government indicated that it would provide the discovery and the parties agreed to an April 23, 2021 deadline, but no discovery was provided. [*Id.* at 3]. Darden avers that the government previously indicated that law enforcement had not searched Darden's apartment but later, in July 2021, informed his counsel that the apartment had been search and a computer and phone seized but not yet searched. [*Id.* at 3-4 (citing [Doc. 195-4])]. At the same time, the government stated that it had not yet decided whether to introduce at trial any statements Darden made when he surrendered. [*Id.* at 4 (citing [Doc. 195-4])]. Then, the government reported that only a phone had been seized from Darden's apartment but it did not belong to him. [*Id.* (citing [Doc. 195-5])]. As of the time of the filing of the motion, Darden had not received in discovery the application for the warrant, the search warrant itself, or the return, nor an indication that the government was or was not going to use Darden's statements made at his surrender. [*Id.*].

Darden argues that because the Court ordered the government to produce discovery and discovery was due to be produced at arraignment but the government

3

did not produce it, any time under the Speedy Trial Act clock should not be attributed to him and excluded even though a motion to suppress was pending but could not be perfected pending the government's compliance, and that the indictment should be dismissed. [Doc. 195 at 5-7]. He also argues that the dismissal should be with prejudice. [*Id.* at 7-10].

The government responds that various motions filed by Darden pro se or through counsel tolled the Speedy Trial Act clock. [Doc. 200 at 4-6 (citing Docs. 112, 113, 115, 116, 119, 126, 128, 130, 133, 134, 135, 140, 141, 143, 144, 161, 167, 168, 169, 170, 171, 173, 193, 195, and 196])]. It also states that it provided the Grier residence search warrant to counsel, it does not intend to introduce the statement Darden made to law enforcement, nor introduce evidence from Darden's apartment. [*Id.* at 6 n.3]. It argues that the Speedy Trial Act was tolled during the pendency of the motions, and that even if the Act was violated, dismissal should be without prejudice. [*Id.* at 7-9].

In reply, Darden argues that that the government's argument that motions were pending misses the mark because the motions were pending because of the government's delay in providing the discovery that kept the motions pending. [Doc. 201 at 1-2].

4

B. **DISCUSSION**

Under the Speedy Trial Act:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act also provides for the exclusion of certain specified periods of time from the speedy trial calculation. Of particular relevance in this case are sections 3161(h)(1)(F) and (J), which exclude from the seventy day period "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(F).

Here, Darden does not point to, and the Court's independent research fails to disclose, any authority that excludes from the Speedy Trial Act clock's exclusion the failure of the government to comply with its discovery and disclosure obligations. Darden's remedy for the government's alleged discovery violations was a motion to compel under Federal Rule of Criminal Procedure 16(d)(2)(A), (which he filed, [Doc. 194], and then withdrew, [Doc. 197]), or a motion to exclude undisclosed evidence under Federal Rule of Criminal Procedure 16(d)(2)(C).

5

As a result, the undersigned **RECOMMENDS** that Darden's motion to dismiss the indictment for violation of the Speedy Trial Act, [Doc. 195], be **DENIED**.

### IIII. MOTION TO EXCLUDE EVIDENCE AND OBJECTION TO TOLLING OF SPEEDY TRIAL CLOCK, [DOC. 196]

In this motion, Darden seeks to exclude any evidence that the government failed to produce in a timely manner and to prohibit the tolling of the Speedy Trial Act clock. [Doc. 196]. The government has responded. [Doc. 206].

Although there does not appear to be any evidence that the government is seeking to introduce at trial but did not timely produce related to Darden's motions, [Docs. 169, 170], to suppress statements and evidence, [*see* Doc. 200 at 6 n.3],[3] exclusion is an appropriate remedy for discovery violations.[4] As a result, that aspect of Darden's motion is **GRANTED**. However, the motion to toll the Speedy Trial Act clock is **DENIED** for the reasons stated in Part II *supra*.

Accordingly, Darden's motion, [Doc. 196], is **GRANTED IN PART AND**

---

[3] The evidence seized from Defendant Grier's apartment was the subject of an evidentiary hearing, [Doc. 93], and Darden's former counsel was an observer.

[4] The Court observes that in its response to Darden's motion, the government argued that the Speedy Trial Act was not implicated and did not address Darden's independent argument about evidence that was not timely disclosed being excluded. [Doc. 206].

6

**DENIED IN PART**.

IV. **MOTION FOR A BILL OF PARTICULARS AS TO COUNT III, [DOC. 133]**

Count Three of the second superseding indictment provides as follows:

On or about April 5, 2018, in the Northern District of Georgia, the defendants, MICIAH DARDEN, also known as "Hendrix," and ANDRE GRIER, aided and abetted by each other, did knowingly attempt to rob an individual whose identity is known to the Grand Jury, of property of the United States, including United States currency, then in the lawful custody and control of the individual whose identity is known to the Grand Jury and, while committing the attempted robbery, did put the life of the individual whose identity is known to the Grand Jury, in jeopardy by the use of a dangerous weapon, that is, a firearm, all in violation of Title 18, United States Code, Section 2114(a), and Section 2.

[Doc. 146 at 2]. In his motion for a bill of particulars, Darden seeks the following:

1. each and every act the government contends he did to aid and abet Grier;

2. each and every act that the government contends that he did, or any act to aid and abet, Grier, that put any person's life in jeopardy by use of a deadly weapon; and

3. identify and/or describe any firearm the government contends he possessed, when he possessed the same, and how the same was used to place any person's life in jeopardy.

[Doc. 133 at 4-5].

7

Federal Rule of Criminal Procedure (7)(c)(1) provides that an indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.  Fed. R. Crim. P. (7)(f) authorizes the Court to direct the government to file a bill of particulars.  The grant or denial of a bill of particulars rests within the sound discretion of the trial court.  *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987); *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985).  The defendant bears the burden of showing that the information requested is necessary and that he will be prejudiced without it so as to justify granting a bill of particulars. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980)[5]; *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998).  A mere statement that the defendant will be prejudiced without the bill is insufficient.  *See id.*

The purpose of a true bill of particulars is threefold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*,

---

[5]   In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (italics in original). Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill. *Id*. at 1442; *United States v. Colson,* 662 F.2d 1389, 1391 (11th Cir. 1981). Similarly, the Eleventh Circuit has held that a bill of particulars should not "automatically [be] accorded the status of a supplement to an indictment." *Anderson*, 799 F.2d at 1442.

Furthermore, a defendant is not entitled to a bill of particulars "with respect to information which is already available through other sources." *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modified on other grounds*, 801 F.2d 378 (11th Cir. 1986). A bill of particulars may be obtained to clarify an indictment, as long as it does not seek to determine in advance the government's proof. *United States v. Johnson*, 575 F.2d 1347, 1356 (5th Cir. 1978); *United States v. Smith*, 341 F. Supp. 687, 690 (N.D. Ga. 1972). However, the fact that an indictment conforms to the simple form suggested by the Federal Rules of Criminal Procedure, or accurately tracks the statutory or regulatory language, is no answer or defense to

9

a motion for a bill of particulars, since Rule 7(f) presupposes a valid indictment or charge against the defendant. *See United States v. Carrier*, 672 F.2d 300, 303 (2d Cir. 1982) ("A bill of particulars may not save an invalid indictment[.]"). Instead, it is proper for a defendant to be furnished with further information regarding the charge when it is necessary for preparation of his defense and even though the granting of the motion requires the supplying of information "which in other circumstances would not be required because evidentiary in nature." *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954); *Carrier*, *supra* ("[A bill of particulars] may provide the defendant with the evidentiary details needed to establish his defense."). Even if in providing those details in a bill of particulars, the government's evidence or theories are somehow disclosed, the bill of particulars might be still proper. *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979); *Smith*, 16 F.R.S. at 375; Wright, *Federal Practice and Procedure Criminal 2d* § 129. Finally, opposition to a bill of particulars is not properly made out by a claim that the defendant " 'knows what he did, and, therefore, has all the information necessary.' " *United States v. Moore*, 57 F.R.D. 640, 643 (N.D. Ga. 1972) (quoting *Smith*, *id*.).

      Darden has not established that he is entitled to a bill of particulars. Count Three explains to him that he and Grier attempted to rob a person of United States

currency and that while attempting to rob this person put the life of the person in danger by the use of a firearm.  [Doc. 146].  The particulars that he seeks amounts to disclosure of evidence but more importantly, he has not demonstrated why he needs these particulars to defend himself on this charge, to minimize trial surprise, or plead former jeopardy.  As a result, the motion for a bill of particulars, [Doc. 133],  is **DENIED**.

## V.    CONCLUSION

For all of the above and foregoing reasons, Defendant Darden's motion for a bill of particulars, [Doc. 133], is **DENIED**, and motion to exclude evidence and objection to tolling of the speedy trial clock, [Doc. 196], is **GRNATED IN PART AND DENIED IN PART**.  The Court **RECOMMENDS** that Darden's motion to dismiss the indictment for violation of the Speedy Trial Act, [Doc. 195], be **DENIED**.

The Court has now ruled upon, or recommended a ruling upon, all matters referred pursuant to Standing Order 14-02 (N.D. Ga. Aug. 15, 2014).  As a result, this matter is **CERTIFIED READY FOR TRIAL**.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this 3rd day of February, 2022.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE