IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.                                             Case No. 1:18-cr-202-MLB

Miciah Darden,

          Defendant.

_____/

## OPINION & ORDER

Magistrate Judge Alan Baverman issued a Report and Recommendation saying the Court should deny Defendant Miciah Darden's motions to dismiss the second indictment for speedy trial violations (Dkt. 195), motion to exclude evidence and objection to tolling (Dkt. 196), and motion for bill of particulars (Dkt. 133). Defendant Darden filed objections. (Dkt. 219.)

**I.    Background and Procedural History**

In April 15, 2018, federal agents arrested Defendant Darden and co-defendant Andre Grier after they tried to rob an undercover ATF agent with whom they had been negotiating to sell two firearms and ecstasy. (Dkt, 1 at 4.)   The United States filed a second superseding indictment

in November 23, 2020 charging them with attempted armed robbery of the undercover officer, carrying and using a firearm during that attempted robbery, forcibly assaulting the federal officer, and carrying and using a firearm during commission of the assault. (Dkt. 146.)[1]

On March 12, 2020, Defendant Darden filed a motion to suppress any statements he may have made at the time of his arrest (to the extent the United States intended to use them at trial) and a motion to suppress any evidence the United States may have seized from a search of his residence (to the extent the United States intended to introduce any such evidence). (Dkt. 169, 170.) Defendant Darden made both motions conditional—that is, to the extent the United States intended to use statements or evidence—because the United States had not yet provided discovery sufficient for Defendant Darden to determine whether he made any statements worth suppressing or the United States had seized any evidence worth suppressing. (*Id.*) At the time, the United States and Defendant Darden set an April 23, 2021 deadline for the production of

---

[1] The second superseding indictment also charged Defendant Darden with distribution of marijuana and possession of a firearm by a convicted felon arising from the United States's investigation of Defendant Darden prior to the attempted robbery.

discovery, but that did not happen. By August 2021, that still had not happened. So, on August 3, 2021, Defendant Darden filed a motion to dismiss the indictment arguing his motions to suppress did not toll the running of the speedy trial clock because they were merely placeholders and the United States, by failing to produce discovery, prevented him from perfecting those motions. He argued that the delay was attributable to the United States's failure to provide discovery (rather than any motion he had filed) and is thus not excluded under the Speedy Trial Act. (Dkt. 195 at 7.)

On the same day, Defendant Darden file a motion to exclude, arguing that, since the United States still had not provided discovery regarding the search of his apartment or any statements he made at the time of his arrest, the Court should exclude any such evidence from the trial of this case. (Dkt. 196 at 5-6.) In the same motion, he objected to any further tolling of the speedy trial clock. (*Id.*) And, about a year before, Defendant Darden had filed a motion for bill of particulars, arguing the United States must be required to provide information about every act he did to aid and abet Defendant Grier in the attempted robbery of the undercover agent, how he helped Defendant Grier put someone's

life in danger, and the firearm that he allegedly possessed and how he used it to put someone's life in danger. (Dkt. 133 at 5.)

Magistrate Judge Baverman says the first and the third should be denied and the second should be granted in part. (Dkt. 213.)

## II.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's R&R. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For those findings and recommendations to which a party has not asserted objections, a court must conduct a plain error review of the record. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Parties filing objections to a magistrate judge's R&R must specifically identify those findings to which they object. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id*. Defendant Darden does not really identify any error by the Magistrate Judge but rather simply reargues his initial arguments. Nevertheless and to be clear, the Court has conducted a de novo review.

### III. Discussion

#### A. Motion to Dismiss for Speedy Trial Violation

The Speedy Trial Act provides that, when a defendant pleads not guilty, a trial must commence within 70 days from the later of the filing of the indictment or the defendant's appearance before a judicial officer on the charges. *See* 18 U.S.C. § 3161(c)(1). The Act allows for the exclusion of time from the 70-day calculation, including any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id*. at § 3161(h)(1)(D). Under this exclusion, the speedy trial clock stops running when a defendant files a motion and remains paused until the Court holds a hearing and receives any follow-up briefing. *See*

5

*Henderson v. United States*, 476 U.S. 321, 330-31 (1986) (subsection excludes "all the time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary,'" as well as "time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion"). Another provision excludes any "delay reasonably attributed to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *See* 18 U.S.C. § 3161(h)(1)(H). This means that once the court has everything it needs to issue a ruling, it enjoys a thirty-day window of excludable time in which to consider the matter and issue its ruling. *United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991).

Defendant Darden admits his March 2021 motions to suppress tolled the speedy trial clock. (Dkt. 195 at 6.) But, he says those motions really should not count against him because the delay in adjudicating them actually arose from the United States delay in (or failure to) produce the requested discovery. (*Id.*) Magistrate Judge Baverman concluded no authority allowed the Court to override the provision of the

6

Speedy Trial Act that tolls any delay resulting from the filing of pretrial motions. (Dkt. 213 at 5.)

Defendant Darden objects to this conclusion, arguing (again) that the delay was actually caused—not by his motions—but by the United States's delay in producing discovery. He supports his argument with citations to authority standing for the proposition that delay resulting from an order allowing the parties time to file pretrial motions is not automatically excluded. *See Bloate v. United* States, 559 U.S. 196, 200 (2010) (extension of time to file pretrial motions is not automatically excludable under subsection (h)(1), instead exclusion requires appropriate findings under subsection (h)(7)); *United States v.* Hughes, 840 F.3d 1368, 1380 (11th Cir. 2016) ("[i]n *Bloate*, the Supreme Court held that delay resulting from a district court's order granting parties time to prepare and file pretrial motions is not automatically excludable"). In essence, Defendant Darden argues his motions were irrelevant and should be treated simply as extensions of time for the parties to file motions. Defendant Darden's argument misses the fact that his motions remained pending. True, he was permitted the opportunity to supplement the motions, but the motions themselves remained pending.

7

(Dkt. 174.) The Court—like Magistrate Judge Baverman—is aware of no authority that permits the Court to exclude from the tolling rules any delay caused by the United States's failure to timely produce discovery. Had he wanted to restart the speedy trial clock he could have withdrawn his motions to suppress. He could also have moved for sanctions against the United States, including suppression of improperly disclosed evidence (as he did). But, having filed motions to suppress and stuck with them, he cannot now redo the speedy trial clock in a manner he now prefers.

The Court adopts Magistrate Judge Baverman's recommendation and denies Defendant Darden's motion to dismiss. (Dkt. 195.)

B.   **Motion to Exclude and Objection to Tolling**

Defendant Darden moved to exclude any evidence found in his apartment and any statements he might have made after his arrest as a sanction for the United States's failure to produce that evidence in a timely manner. (Dkt. 196.) He also moved to prohibit the tolling of the speedy trial clock as a sanction for the same discovery violation. (*Id.*) Magistrate Judge Baverman recommends suppressing the evidence as an appropriate remedy for the discovery violation. (Dkt. 213 at 6.) He,

however, recommends denial of Defendant Darden's "objection" to tolling of the speedy trial clock. (*Id.*) The United States filed no objection, and Defendant Darden did not specifically address this portion of the Report and Recommendation in his objections.

The Court adopts the Magistrate Judge's recommendation. In doing so, the Court grants that motion to exclude any evidence found in Defendant Darden's apartment as well as any post-arrest statements he might have made. But, for the same reasons the Court denies Defendant Darden's motion to dismiss under the Speedy Trial Act, the Court also denies Defendant Darden's "objection to tolling."

### C. Motion for Bill of Particulars

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *See* Fed. R. Crim. P. 7. Rule 7(f) authorizes the Court to direct the government to file a bill of particulars. *Id.* "The purpose of a bill of particulars is to inform the defendant of the charge against him [or her] with sufficient precision to allow him [or her] to prepare his [or her] defense, to minimize surprise at trial, and to enable him [or her] to plead double jeopardy in the event of

9

a later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); *see also United States v. Hassoun*, 477 F. Supp. 2d 1210, 1227–28 (S.D. Fla. 2007) ("A request for bill of particulars is, *inter alia*, befitting in those instances where defendant seeks further clarity and precision with regard to the charges that he [or she] is facing in order to adequately prepare a defense."). A defendant seeking a bill of particulars bears the burden of showing the information requested is necessary and that he or she will be prejudiced without it. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980).[2]

Defendant Darden initially sought a bill of particulars requiring the United States to identify (1) "each and every act" he committed to aid and abet co-defendant Grier, (2) "each and every act" he committed or abetted to but someone's life in jeopardy, and (3) any firearm he allegedly possessed on the day of the attempted robbery. (Dkt. 133 at 4-5.) The Magistrate Judge concluded Defendant Darden had not proven he was entitled to a bill of particulars because his requests actually seek a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted the decisions of the former Fifth Circuit as of September 30, 1981.

summary of the United States's evidence and he has not shown he needs the information to defend himself, minimize surprise, or plead former jeopardy. (Dkt. 213 at 11.)

In his objections, Defendant Darden ignores his first two requests but argues the United States must identify the firearm so he can understand whether he is alleged to have possessed a firearm himself or aided and abetted his co-defendant's possession, brandishing, and use of a firearm. (Dkt. 219 at 5.) The Court agrees that, before Magistrate Judge Baverman, Defendant Darden had not shown his entitlement to a bill or particulars. But, he has done more now. Defendant Darden has shown a genuine dispute or uncertainty as to whether the United States contends he personally possessed a firearm during the attempted robbery on April 5, 2018 or whether he allegedly aided and abetted his co-defendant's alleged possession of the firearm. This information may inform how he prepares his defense.

The Court thus grants Defendant Darden's motion for bill of particulars and required the United States within 30 days to notify Defendant Darden whether it claims he personally possessed a firearm on April 5, 2018.

## IV. Conclusion

The Court **OVERRULES IN PART** Defendant Darden's objections to the Magistrate Judge's Report and Recommendation. (Dkt. 219.) In doing so, the Court **DENIES** Defendant Darden's motion to dismiss the second indictment for speedy trial violations (Dkt. 195); **GRANTS IN PART** his motion to exclude and objection to tolling (Dkt. 196) in so far as the Court grants only the motion to exclude while denying the objection to tolling; and **GRANTS IN PART** his motion for bill or particulars in so far as the Court requires the United States to notify Defendant Darden within thirty (30) days as to its position regarding his alleged personal possession of a firearm on April 5, 2018

**SO ORDERED** this 18th day of March, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE