IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States,

v.  Case No. 1:18-cr-202-MLB

Miciah Darden (1),

        Defendant.

_____/

**OPINION & ORDER**

Count 4 of the indictment charges Defendant with using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Dkt. 146 at 2.) Defendant moves to dismiss Count 4 for failure to allege a "crime of violence." (Dkt. 277.) The Court previously announced its denial of this motion and provides this Order as additional explanation.

**I.   Legal Standard**

A crime of violence is "a felony [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To determine whether a charged offense falls within this definition, courts ask "whether the

statutory elements of the . . . offense necessarily require, at a minimum, the threatened or attempted use of force." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). This inquiry is straightforward where a defendant is charged with violating a statute that "sets out a single . . . set of elements to define a single crime." *Mathis v. United States*, 579 U.S. 500, 504–05 (2016). But sometimes defendants are charged with violating a statute that describes "multiple ways to commit [a] crime." *United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017). Where that is so, courts must determine "whether the statute is indivisible, meaning that it includes multiple ways of committing the same offense, or is instead divisible, meaning that it lists multiple offenses." *Id.*

"If the statute is indivisible, [courts] use the categorical approach." *Id.* This means a charged offense counts as a violent crime "only if *all* of the acts criminalized in the statute involve the use of physical force." *Id.* (emphasis added). If the statute is divisible, courts apply "a modified version of the categorical approach." *United States v. Morales-Alonso*, 878 F.3d 1311, 1316 (11th Cir. 2018). Under that approach, courts first determine "which of the multiple crimes listed in the statute the defendant [is accused] of committing." *Davis*, 875 F.3d at 597. The court

then determines whether the elements of that crime necessarily involve the requisite use of force. *Id.* at 598. Only if they do will the charged offense qualify as a violent crime.

## II.   Discussion

### A.   Divisibility

Count 4 says Defendant committed a crime of violence by violating 18 U.S.C. § 2114(a). (Dkt. 146 at 2.) That provision makes it unlawful to assault, rob, or attempt to rob a person carrying federal property:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a). This statute describes "multiple ways to commit [a] crime." *Davis*, 875 F.3d at 597. So our first task is to determine whether it is divisible.

3

A statute is divisible if it "lists multiple, alternative elements, and so effectively creates several different crimes." *Cintron v. U.S. Att'y Gen.*, 882 F.3d 1380, 1384 (11th Cir. 2018). A statute is not divisible if it simply lists "alternative means of committing a single offense." *Id.* Elements are "constituent parts of a crime's legal definition that either must be admitted to by a defendant or found by a fact-finder to sustain a conviction." *Id.* "[M]eans are circumstances that have no particular legal significance and need neither be found by a jury nor admitted by a defendant." *Id.*

Applying these principles here, Section 2114(a) is clearly divisible into a basic offense (carrying a 10-year maximum sentence) and an aggravated offense (carrying a 25-year maximum sentence). *See Mathis*, 579 U.S. at 518 ("If statutory alternatives carry different punishments, then . . . they must be elements."). No one disputes that. (*See* Dkts. 286 at 5; 300 at 9.) The basic offense, punishable by "not more than ten years," appears in the clause preceding the semicolon. It makes it unlawful to assault a custodian of federal property with intent to steal, or to otherwise rob or attempt to rob the custodian of his federal property. The aggravated offense, which follows the semicolon, is punishable by

4

"not more than twenty-five years." It makes it unlawful to commit the basic offense by (1) wounding the custodian, (2) using a dangerous weapon to put the custodian's life in jeopardy, or (3) committing a repeat offense under the statute.

Defendant claims the aggregated portion of Section 2114(a) is not itself divisible into separate crimes because the three items it mentions are "means" rather than "elements." (Dkt. 300 at 9–10.) But Defendant cites no authority for that proposition. And the Ninth Circuit recently rejected it. *See United States v. Buck*, 23 F.4th 919, 927 (9th Cir. 2022) ("[T]he aggravated offense under § 2114(a) is further divisible into three separate offenses."). The Court agrees with the Ninth Circuit. The three aggravated offense items—wounding, using a firearm to jeopardize life, and committing a repeat offense—are "disjunctive elements, not alternative factual means of committing a single offense." *Id.* at 925.

*Mathis* makes this clear. There, the Supreme Court noted a statute is divisible if it "lists multiple elements disjunctively" but not if it "enumerates various factual means of committing a single element." *Mathis*, 579 U.S. at 506. The court then contrasted two statutes to illustrate the distinction. The first statute prohibited "the lawful entry

5

or the unlawful entry of a premises with intent to steal." *Id.* at 505. This statute was divisible because it simply listed "lawful entry" and "unlawful entry" as "alternative elements." *Id.* The second statute "require[d] use of a 'deadly weapon' as an element of a crime and further provide[d] that the use of a 'knife, gun, bat, or similar weapon' would all qualify." *Id.* at 506. This statute was not divisible because "[a] jury could convict even if some jurors concluded that the defendant used a knife while others concluded he used a gun, so long as all agreed that the defendant used a 'deadly weapon.'" *Id.*

The aggravated-offense clause in Section 2114(a) is far more like the first statute than the second. It lists three items as unconnected alternatives rather than examples of a single overarching requirement. That is, the three items are distinct and do not simply reduce to a more fundamental finding—like "deadly weapon"—that is somehow the *real* element "the prosecution must prove to sustain a conviction." *Id.* at 504. Indeed, if the three items really were just "factual means of committing a single element," what would that element even be? *Mathis*, 579 U.S. at 506. Defendant never says. And any attempt to fashion such an element would run headlong into a basic rule: "Congress—not the courts—crafts

6

federal crimes by delineating the elements." *United States v. McLean*, 802 F.3d 1228, 1230 (11th Cir. 2015). "No federal criminal common law exists." *Id.*

The bottom line is that Section 2114(a) is divisible into several crimes. Those crimes include (1) the basic offense of assaulting, robbing, or attempting to rob a custodian of federal property, (2) committing the basic offense while wounding the custodian, (3) committing the basic offense while using a dangerous weapon to put the custodian's life in jeopardy, and (4) committing a repeat violation of Section 2114(a).[1]

**B.   Modified Categorical Approach**

Having established that Section 2114(a) is divisible into several offenses, the Court must now apply the modified categorical approach to determine whether Defendant's charged offense necessarily involves physical force and thus qualifies as a crime of violence. The first step is to identify the specific offense with which Defendant is charged. That is easy. The indictment charges Defendant—on an aiding and abetting theory—with attempting to rob a custodian of federal property while

---

[1] Because the divisibility of the aggravated offense is dispositive here, the Court need not decide whether the basic offense—assaulting, robbing, or attempting to rob a custodian of federal property—is also divisible.

using a dangerous weapon to put the custodian's life in jeopardy. (Dkt. 146 at 2.) This is the alleged crime of violence referred to in Count 4. (*Id.*)

The second step is to determine whether the elements of this offense involve the requisite use of force. That, too, is easy. It is well established that "the life-in-jeopardy element in § 2114(a) . . . necessarily requires the use, attempted use, or threatened use of violent physical force." *Buck*, 23 F.4th at 928; *see United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018) ("One cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force."); *United States v. Enoch*, 865 F.3d 575, 581 (7th Cir. 2017) ("There can be no doubt that wounding a victim or putting the life of a victim in jeopardy is a violent crime.").[2]

---

[2] *See also United States v. Bryant*, 949 F.3d 168, 182 (4th Cir. 2020) ("[T]he aggravated offense contained in § 2114(a), which requires that the defendant wound or put the victim's life in jeopardy by use of a dangerous weapon during the commission of the basic offense, is categorically a crime of violence under the force clause of § 924(c)(3)(A)."); *United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018) ("[U]se of a dangerous weapon or device to either assault a person or jeopardize his life. . . . necessarily threatens the use of violent force."); *In re Watt*, 829 F.3d 1287, 1290 (11th Cir. 2016) ("Based on the allegations in Watt's indictment, the jury had to have found that he 'assault[ed]' the victim and that her 'life

8

Defendant does not really dispute this. Instead, he claims that, because he is charged with *attempted* robbery, the government need only prove that he *attempted* the aggravated element of jeopardizing life (which would not require force). (Dkt. 300 at 10–15.) But the text of the statute forecloses this argument. Section 2114(a) says defendant must actually "put[] [the custodian's] life in jeopardy by the use of a dangerous weapon," even if he only "attempt[s] to effect [a] robbery." This language draws a clear distinction between the robbery element (which allows attempts) and the life-in-jeopardy element (which does not). If Congress wanted to incorporate an attempt theory into the life-in-jeopardy element—as it did with the robbery element—it knew how to say so. It could have said "puts *or attempts to put* [the custodian's] life in jeopardy," just as it said "robs or attempts to rob" only two lines earlier in the same provision. But Congress did not do that. That silence is controlling. *See Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1217 (11th Cir. 2015) ("Where Congress knows how to say something but chooses not

---

was put in jeopardy,' which satisfies the requirement of the elements clause that the underlying felony offense have 'as an element, the use, attempted use, or threatened use of physical force against the person or property of another.'").

9

to, its silence is controlling."); *see also United States v. Thornton*, 539 F.3d 741, 746–47 (7th Cir. 2008) (construing analogous statutory language—"Whoever, by force and violence, or by intimidation, takes, or attempts to take"—and concluding "the 'attempt' language relates only to the taking and not to the intimidation"); *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004) (same).[3]

Defendant invokes "the law about attempt crimes generally," as if every element of every crime automatically incorporates an attempt theory. (Dkt. 300 at 11–13.) But that is simply not the law. "[T]here was and is no general federal statute proscribing attempt." *United States v. Douglas*, 525 F.3d 225, 251 (2d Cir. 2008). "Attempt is only actionable when a specific federal criminal statute makes it impermissible to attempt to commit the crime." *United States v. Anderson*, 89 F.3d 1306, 1314 (6th Cir. 1996). Thus, "[w]hen Congress has deemed an attempt to be criminal, it has specifically so declared." *United States v. York*, 578 F.2d 1036, 1038 (5th Cir. 1978). Section 2114(a) includes no such

---

[3] The Second, Fourth, Sixth, and Ninth Circuits have disagreed with *Thornton* and *Bellew*. (*See* Dkt. 300 at 14.) But "they did so without analyzing the statutory text." *Thornton*, 539 F.3d at 747. So their decisions are not persuasive.

declaration—much less a specific one—with respect to the life-in-jeopardy element. So that element cannot be established through attempt.[4]

Finally, Defendant claims that, even if attempted armed robbery of federal property counts as a crime of violence, *aiding and abetting* that crime does not. (Dkt. 300 at 16–21.) But this argument is foreclosed by binding authority. (*See* Dkt. 302 at 2–3.) The Eleventh Circuit has repeatedly held "a conviction for aiding and abetting a crime of violence qualifies as a crime of violence." *Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019); *see United States v. Gloster*, 859 F. App'x 511, 513 (11th Cir. 2021) ("[I]f an offense qualifies as a 'crime of violence" under § 924(c)'s elements clause, a conviction for aiding and abetting that offense

---

[4] *See United States v. Rovetuso*, 768 F.2d 809, 821 (7th Cir. 1985) ("There is no general Federal statute proscribing an attempt, and therefore it is actionable only where . . . a specific criminal statute makes it impermissible to attempt to commit the crime."); *United States v. Rivera-Sola*, 713 F.2d 866, 869 (1st Cir. 1983) (same); *United States v. Joe*, 452 F.2d 653, 654 (10th Cir. 1971) ("[I]t is well settled that the only attempts to commit crimes which are made Federal crimes are those specifically so proscribed by Federal law."); *see, e.g.*, *United States v. Hagman*, 740 F.3d 1044, 1051 (5th Cir. 2014) ("We are unaware of any section of the United States Code that makes it unlawful for a felon to attempt to possess or obtain a firearm."); *United States v. Duka*, 671 F.3d 329, 355 (3d Cir. 2011) ("[A]n attempt to violate § 924(c)(1)(A) is not a legally cognizable offense.").

11

also qualifies as a 'crime of violence' under § 924(c)'s elements clause."). That is true even where—as here—the crime being aided and abetted is an attempted offense rather than a completed offense. *See Alvarado-Linares v. United States*, 44 F.4th 1334, 1348 (11th Cir. 2022) ("[E]ven though Alvarado-Linares's . . . . attempted murder convictions were premised on an aiding and abetting theory, they are nevertheless crimes of violence under Section 924(c)."). So Defendant's argument is simply dead on arrival. Indeed, at oral argument, Defendant admitted he raised the argument only to "preserve" it in case the law changes.

## C. Conclusion

Count 4 charges Defendant with using a firearm during a "crime of violence." The alleged crime of violence is aiding and abetting an attempted armed robbery of federal property in violation of Section 2114(a). That offense necessarily involves "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). So it qualifies as a crime of violence under Section 924(c). Because Defendant's motion asks the Court to rule otherwise, it is denied.

## III.  Conclusion

The Court **DENIES** Defendant's Motion to Dismiss Count 4 (Dkt. 277).

**SO ORDERED** this 19th day of October, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE